## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3005 | **DATE** | 11/5/2012 |
| **CASE TITLE** | Rogelio Garza vs. Chicago Transit Authority, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [61] is granted. Defendants' Motion for Summary Judgment [56] is stricken.

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Before the Court is Plaintiff Rogelio Garza's ("Plaintiff") motion titled, "Motion to Strike Defendants' Motion for Summary Judgment on the Basis that It Is Untimely and in Violation of Prior Orders of This Court." For the following reasons, Plaintiff's motion is granted.

"District courts are entitled to enforce deadlines so as to manage their calendars." Land v. IBM, Inc., No. 11-3450, 2012 WL 2355590, at *2 (7th Cir. June 21, 2012). "When a party fails to comply with a deadline imposed in a scheduling order, Rule 16(b) of the Federal Rules of Civil Procedure provides that the 'schedule shall not be modified except upon a showing of good cause and by leave of the district judge.'" Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 851 (7th Cir. 2002) (quoting Fed. R. Civ. P. 16(b)). Courts are encouraged "to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established after consultation with the parties pursuant to Rule 16 and Rule 26(f) in order to 'secure the just, speedy, and inexpensive determination of every action.'" Id. at 852 (quoting Fed. R. Civ. P. 1).

Plaintiff filed the instant action pursuant to Title VII, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, et seq. against Defendants Chicago Transit Authority, Earl Swopes, and Jeanette Martin (collectively, "Defendants") on May 5, 2011. The parties jointly submitted an Agreed Scheduling Order on January 13, 2012, which the Court approved on February 7, 2012. Pursuant to that Order, fact discovery was to be completed by April 30, 2012 and dispositive motions, if any, were due on August 30, 2012. Agreed Scheduling Order, Feb. 7, 2012, ¶¶ 4, 9. The Order further stated that "[i]f neither party chooses to disclose expert witnesses, dispositive motions shall be filed on May 31, 2012." Id. ¶ 5 n.1. Due to discovery conflicts and motions to compel proceeding before the Magistrate Judge, the Court granted the parties' joint motion to extend the discovery schedule, and extended all deadlines previously set by forty-five days. Minute Order, Apr. 5, 2012. Accordingly, because the parties chose not to disclose expert witnesses, dispositive motions were due on July 15, 2012. Without seeking leave to file past the deadline for dispositive motions, Defendants filed a motion for summary judgment on August 30, 2012.

The Court ordered that the Final Pretrial Order be submitted by November 23, 2012, and that jury trial be set for December 4, 2012. In light of those impending dates, and without a showing of good cause for delay by Defendants, Plaintiff moves to strike Defendants' motion for summary judgment as untimely. The Court agrees. Defendants contend that discovery issues prolonged the completion of fact discovery until July 31, 2012, and because they filed their motion for summary judgment within thirty days of discovery completion in accordance with Federal Rule of Civil Procedure 56, their motion should be considered timely. Resp. to Pl.'s Mot. to Strike ¶ 8. However, Rule 56 provides that "[u]nless a different time is set by local rule <u>or the court orders otherwise</u>, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Here, based on a <u>joint</u> submission and request from Plaintiff and Defendants, the Court ordered that dispositive motions be filed by July 15, 2012, not "30 days after the close of discovery." Id. At no time did Defendants seek to extend the date for filing dispositive motions beyond July 15, 2012. Accordingly, the Court rejects Defendants' argument.

## STATEMENT

Defendants further contend that due to "ocular difficulties," counsel for Defendants misread the due date for dispositive motions. While the Court is sensitive to health issues that may hinder attorneys, such issues were not brought to the Court's attention until Defendants' response brief to the instant motion to strike. See Harrington v. City of Chi., 433 F.3d 542, 548 (7th Cir. 2006) (finding that deaths in the family did not constitute excusable neglect when plaintiff's counsel "could have and should have contacted the district court and opposing counsel to explain his circumstances and work out amicable solutions"). Furthermore, the Court cannot ignore that Defendants' counsel jointly submitted the proposed dates, as well as the extension which was approved by the Court. Therefore, any "mis-reading" of dates chosen by Defendants cannot be excused, and the Court is entitled to enforcement of its Scheduling Order.

For the foregoing reasons, Plaintiff's motion to strike is granted. In light of this Order, the Court extends the trial date and the date by which the Final Pretrial Order is due. This matter is now set for jury trial on January 16, 2013, at 10:00 a.m. The parties are to submit the Final Pretrial Order with jury instructions by January 3, 2013.

IT IS SO ORDERED.